THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIPL CORP., a Washington corporation, | No. 2:12-cv-02050-RSM |
| Plaintiff, | ORDER ON MOTIONS |
| v. | |
| GOOGLE INC., a Delaware corporation, | |
| Defendant. | |
| GOOGLE INC., a Delaware corporation, | |
| Counterclaimant, | |
| v. | |
| RIPL CORP., a Washington corporation, | |
| Counterdefendant. | |

## I. INTRODUCTION

This matter comes before the Court on seven discovery-related motions in this trademark infringement action between Plaintiff RIPL Corp. ("RIPL") and Defendant Google Inc. ("Google"). Oral argument was heard on December 16, 2013. For the reasons that follow, Google's Motion to Enforce the Protective Order (Dkt. # 25) shall be granted; Google's Motion

ORDER ON MOTIONS – 1

to Compel (Dkt. # 27) shall be deferred for consideration pending receipt of the parties' Electronically Stored Information ("ESI") plan; Google's Motion to Seal (Dkt. # 36) shall be granted; Google's Motion for Protective Order (Dkt. # 44) shall be addressed in a subsequent order; RIPL's first Motion to Seal (Dkt. # 49) shall be granted; RIPL's second Motion to Seal (Dkt. # 59) shall be granted; Google's Motion for Sanctions, which was raised in the response brief (Dkt. # 66) to RIPL's second Motion to Seal shall be granted in part and denied in part; Google's request to strike shall be denied.

## II. BACKGROUND

Plaintiff RIPL was founded in 2005 as Kahuna Technologies, Inc. ("Kahuna") to develop and operate proprietary software. When Kahuna obtained the domain name "ripl.com" in 2006, it changed its name to RIPL and dedicated its business to promoting the brand association between RIPL and social media content propagation. It also reached out to establish the brand with major media companies, advertising agencies, investors and technology companies, including Google.

RIPL owns U.S. Service Mark on "RIPL." Registration Number 3,490,487, issued August 19, 2008.

RIPL alleges that when Google launched Google+, it introduced a new service under the name and trading style "RIPPLES." RIPPLES displays how content is shared and distributed among Google+ users, which allows Google "to offer advertisers and potential advertisers (a) improved access to consumers who meet specific criteria and (b) improved insight, through its reporting services, on the types of content and messages that are most effective with any specified audience." Dkt. # 1, ¶ 11.

RIPL alleges that Google's RIPPLES service infringes its registered trademark, and infringes its common law trademark rights. It also asserts claims for false designation of origin, unfair competition, and violation of Washington's Consumer Protection Act.

### III. DISCUSSION

The Court shall grant the three pending motions to seal (Dkt. ## 36, 49, 57) and deny Google's request to strike RIPL's over-length response brief. With respect to ruling on Google's Motion for a Protective Order (Dkt. # 44), the Court noted at the hearing that RIPL had failed to file an unredacted version of its response brief and the associated exhibits under seal to support its opposition. Giving RIPL the benefit of the doubt, the Court shall consider that motion and the sealed opposition documents that were filed on December 17, 2013, by separate order. *See* Dkt. ## 75-76. The remaining motions—Google's Motion to Enforce the Terms of the Protective Order, Motion to Compel, and Motion for Sanctions—are addressed in turn.

**A. Google's Motion to Enforce the Terms of the Protective Order (Dkt. # 25)**

The parties entered into a stipulated protective order ("Protective Order") that was adopted by the Court on July 8, 2013. Dkt. ## 19, 20. Pursuant to the clawback provision contained within the Protective Order, a party may obtain the return of documents subject to attorney-client privilege "by promptly notifying the recipient(s) and expressly articulating the basis for the asserted privilege or immunity." Dkt. # 20, Section 9. Once notified, the recipients "shall gather and return all copies of the inadvertently produced Privileged Information to the producing party, or certify to the producing party that they have been destroyed or deleted." *Id.*

Google contends that documents subject to attorney client privilege were inadvertently produced in discovery. Google provided the documents at issue to RIPL on July 2, 2013. Dkt. #

ORDER ON MOTIONS – 3

26, Alger Decl. ¶ 2. Google's counsel stated via declaration that the documents "had been screened for both responsiveness and privilege before being produced and subjected to a quality control process." *Id.* Counsel further stated that he realized that privileged documents were inadvertently disclosed on August 12, 2013 while he was preparing for Google's 30(b)(6) deposition. *Id.* at ¶ 3. Google conducted a search for other privileged documents and sent RIPL an email on August 13, 2013, which explained that the documents contained protected attorney-client communications, that they had been inadvertently produced, and that Google was exercising its right to clawback the documents. *Id.* at ¶¶ 4-5. RIPL refused to destroy or return the documents that contained the privileged communications.

RIPL contends that Google waived its right to assert attorney client privilege for two reasons. First, it contends that because the Protective Order fails to define the terms "prompt" and "inadvertent," the Court should apply Fed. R. Evid. 502(b)'s balancing test to determine that Google waived its right to assert attorney-client privilege. Second, RIPL contends that Google's clawback request was not "prompt" as contemplated by Section 9 of the Protective Order.

1. Legal Standard

Federal Rule of Civil Procedure 26 generally governs production of privileged materials during discovery. Rule 26 provides in relevant part:

> If information produced in discovery is subject to a claim of privilege or
> of protection as trial-preparation material, the party making the claim may
> notify any party that received the information of the claim and the basis
> for it. After being notified, a party must promptly return, sequester, or
> destroy the specified information and any copies it has; must not use or
> disclose the information until the claim is resolved; must take reasonable
> steps to retrieve the information if the party disclosed it before being
> notified; and may promptly present the information to the court under seal
> for a determination of the claim. The producing party must preserve the
> information until the claim is resolved.

ORDER ON MOTIONS – 4

Fed. R. Civ. P. 26.

Likewise, Federal Rule of Evidence 502 generally governs waiver of attorney-client privilege. Rule 502 serves the following purposes: "(1) resolving longstanding disputes about the effect of certain disclosures of privileged information—specifically disputes involving inadvertent disclosure and subject matter waiver and (2) respond to the widespread complaint that litigation costs necessary to protect against waiver of privilege have become prohibitive due to the concern that any disclosure will operate as a subject matter waiver of all protected communication." *Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, 2:11-CV-02082-APG, 2013 WL 5332410, at * 7 (D. Nev. Sept. 23, 2013) (citing Fed. R. Evid. 502 Advisory Comm. Note, Rev. 11/28/2007). The rule "seeks to provide a predictable, uniform set of standards under which parties can determine the consequences of a disclosure of [privileged information]. Parties ... need to know, for example, that if they exchange privileged information pursuant to a confidentiality order, the court's order will be enforceable." Fed. R. Evid. 502 Advisory Comm. Note, Rev. 11/28/2007.

Parties may, however, enter into clawback agreements that permit a producing party to clawback documents that are subject to privilege protection. "In most circumstances, a party who receives information under such an arrangement cannot assert that production of the information waived a claim of privilege." Fed. R. Civ. P. 26 Advisory Comm. Note, 2006 Amendment, Subdivision (f). Such clawback provisions permit parties to "forego privilege review altogether in favor of an agreement to return inadvertently produced privileged documents." Fed. R. Evid. 502, (Advisory Comm. Explanatory Note, Rev. 11/28/2007) (citing *Zubulake v. UBS Warburg LLC,* 216 F.R.D. 280, 290 (S.D.N.Y.2003)).

ORDER ON MOTIONS – 5

2. <u>Analysis</u>

Section 9 of the Protective Order provides that if privileged information is inadvertently or unintentionally produced, "such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such doctrine, right, or immunity . . . ." Dkt. # 20, p. 12. Despite the plain language of Section 9, RIPL contends that Google waived its right to clawback documents subject to attorney-client privilege[1] because the Protective Order failed to define the terms "prompt" and "inadvertent" and because Google failed to promptly notify RIPL of the disclosure. It asks the Court to engage in the balancing test set forth in Fed. R. Evid. 502(b) to find that Google waived its right to maintain a privilege objection.

In deciding whether the language of an operative protective order precluded further analysis under Rule 502(b), the court in *Great-West* rejected the argument that a stipulated protective order or agreement requires that

> "concrete directives be included in the court order or agreement regarding each prong of the [Rule 502(b)] analysis." *See Settlers,* 2012 WL 3025111 *5. The text of the rule does not contain or support such rigid, formulaic requirements. There is no requirement that, in order to supplant Rule 502(b), an agreement provide adequate detail regarding "what constitutes inadvertence, what precautionary measures are required, and what the producing party's postproduction responsibilities are to escape waiver." *Id.*

*Great-West*, 2013 WL 5332410 at * 12. Put simply, the court determined that under Rule 502, terms like "inadvertence" and "prompt" need not be defined in the protective order. Moreover, although the parties deviated from the language of the clawback provision set forth in the W.D. Wash. Model Protective Order, the Model Protective Order does not itself define the term

---

[1] Although the Court must ordinarily determine first whether the contested documents contain communications that should be afforded attorney-client privilege protection, RIPL has taken the position in its later court filings that the documents at issue contain privileged communications. *See* Dkt. # 60, p. 2 (stating that the contested documents "clearly reflect the advice of counsel").

ORDER ON MOTIONS – 6

"inadvertence." Google's counsel stated via declaration that the disclosure was inadvertent and that statement satisfies the plain terms of Section 9. And under Section 9, inadvertent disclosure does not constitute a waiver of any privilege or immunity.

With respect to the word "prompt," courts have found that when counsel contacted the opposing party within a few days of the inadvertent disclosure, such notice was in fact "prompt." *See, e.g.*, *Board of Trustees, Sheet Metal Workers Nat. Pension Fund v. Palladium Equity Partners, LLC*, 722 F. Supp. 2d 845, 851 (E.D. Mich. 2010) (notice provided on Monday when discovery made on previous Friday constituted prompt action). Here, notice was provided one day after the disclosure was discovered and was therefore prompt.

Because Google's disclosure was inadvertent and because Google provided prompt notice of its intent to clawback the privileged documents, RIPL violated the Protective Order by failing to destroy or return the protected documents in the manner set forth under Section 9. Accordingly, Google's Motion to Enforce shall be granted and RIPL is directed to certify that is has destroyed all unredacted copies of the contested documents within ten (10) days of this Order.

**B. Google's Motion to Compel**

Google seeks to compel RIPL to provide ESI document production that is tailored to Google's discovery requests. As the Court noted during oral argument, the parties did not address whether ESI would be the subject of discovery in their Joint Status report nor did they agree to adopt the Model ESI agreement or provide for any alternative plan. The Local Civil Rules state that parties must address whether ESI production is anticipated and adopt a plan that governs any such production. LCR 26(f)(1)(I)-(J) (requiring the parties address these issues in

ORDER ON MOTIONS – 7

the Joint Status Report). Had the parties properly addressed these issues earlier, the resulting situation could have likely been avoided. The Court defers ruling on the merits of Google's motion to compel until after the parties present a joint ESI discovery plan. The plan shall address, with specificity, the computers and servers expected to contain relevant and responsive ESI; a protocol for retrieving ESI and producing it in a manner that is responsive to specific discovery requests; the format(s) for which responsive ESI shall be produced; and a schedule of the anticipated costs associated with the retrieval of responsive ESI production. Failure to timely submit a joint ESI discovery plan will be considered a violation of this Order.

### C. Google's Motion for Sanctions

In Google's response brief to RIPL's second Motion to Seal, it asks the Court to strike, and remove from the Court's docket, several documents filed by RIPL under seal that either quote or display the attorney- client communications at issue in Google's Motion to Enforce the Terms of Protective Order, which the Court has now granted. Google also seeks sanctions for RIPL and its counsel's behavior in the form of attorney's fees and costs.

Although, as discussed above, RIPL violated the terms of the Protective Order, it is not clear that RIPL's filing of the documents under seal warrants sanctions. Nor is it clear that RIPL's actions warrant the burden that would be imposed on the Clerk of Court if the Court ordered the docket entries "permanently removed" from the CM/ECF docket. While RIPL should have complied with the terms of the Protective Order when Goggle gave notice of its intent to clawback the contested documents, nothing in the Protective Order prevented RIPL from filing the documents under seal for the Court's determination of the privilege issue. It was,

ORDER ON MOTIONS – 8

however, improper for RIPL to hold the documents hostage for roughly two months in violation of the Protective Order.

The Protective Order provides for sanctions in the event that a party violates its terms. *See* Dkt. # 20, p. 11 (Section 8.3). Because the Court has found that RIPL violated the Protective Order, as a sanction, RIPL shall pay Google's fees and costs for bringing the Motion to Enforce the Terms of the Protective Order. Google is directed to file a motion for attorney's fees and costs within thirty (30) days of the date of this Order. Google's Motion for Sanctions is therefore granted in part and denied in part. The filings that Google sought to be stricken shall remain under seal, and the Court will address the merits of RIPL's Motion to Compel in a subsequent order after that motion becomes ripe for the Court's review.

## IV. CONCLUSION

Having considered the motions, the response and replies thereto, the attached declarations and exhibits, oral argument, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Google's Motion to Enforce the Protective Order (Dkt. # 25) is GRANTED;

(2) Google's Motion to Compel (Dkt. # 27) shall be DEFERRED for consideration pending receipt of the parties' Electronically Stored Information ("ESI") plan;

(3) Google's Motion to Seal (Dkt. # 36) is GRANTED;

(4) Google's Motion for Protective Order (Dkt. # 44) will be addressed in a subsequent order;

(5) RIPL's first Motion to Seal (Dkt. # 49) is GRANTED;

(6) RIPL's second Motion to Seal (Dkt. # 59) is GRANTED;

ORDER ON MOTIONS – 9

(7) Google's Motion for Sanctions (Dkt. # 66) is GRANTED IN PART and DENIED IN PART as discussed above;

(8) Google's request to strike the over-length pages is DENIED.

DATED this 17 day of December 2013.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS – 10